### UNITED STATES v. COHEN.

No. 9267.

Circuit Court of Appeals, Third Circuit.

Argued June 16, 1947.

Decided Sept. 17, 1947.

Charles R. Handler, of Newark, N. J., for appellant.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., for appellee.

Before MARIS, GOODRICH, and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

Morris W. Cohen and Philip Lewis were charged in an information with agreeing to sell an automobile in violation of Maximum Price Regulation 540, as amended, issued pursuant to the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

At the conclusion of the Government's case, the Court directed a verdict in favor of Philip Lewis. The trial proceeded as to Cohen, and upon a verdict of guilty he prosecuted this appeal asserting four errors below: First, the right of cross-examination was abridged by the Court in refusing to permit questions directed to the Government's chief witness; second, the refusal of the Court to charge as requested with respect to the special interest of that witness; third, the denial of appellant's application to apply to the Emergency Court of Appeals for review of the Regulation involved pursuant to the provisions of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 924(e) (1); and fourth, a variance between the allegations of the information and the proof.

In order to fully appreciate the appellant's first point, it is necessary to relate the background of the case. On June 30, 1946, the Emergency Price Control Act lapsed. On July 3, 1946, the appellant and his partner purchased in open market the automobile here involved for $1,035. On July 25, 1946, price controls were reinstated. The maximum price for the automobile in controversy under MPR 540 and its amendments on June 30, 1946, and on July 29, 1946, was $735.83.

The focal issue developed was whether, as the Government contends, Cohen on July 29, 1946, had concluded an agreement to sell the automobile to one Walter L. Straw for $1,160, or, as Cohen contends, he had merely made an agreement on condition that he could legally sell at that price.

Straw testified, in part, that on July 28th he spoke to Cohen about the automobile and that Cohen told him that he paid $1,050 for it and could not sell it unless Straw agreed to pay $1,160. Straw agreed, and returned on July 29th after having conferred with the representatives of the Office of Price Administration. On July 29th, the transaction, according to Straw, was concluded and Straw was to return for the automobile in the afternoon, but, by prearrangement, the investigators for the Office of Price Administration entered upon Straw's signal and the arrest was made.

Cohen testified, in effect, that since he purchased the automobile in a free market, he was in doubt as to whether he could not legally sell it for $1,160. Further, although he arranged the sale to Straw, he specifically told Straw to return in the afternoon because he wished to confer with his attorney to find out whether he could legally sell the automobile for $1,160.

Cohen also testified that he told the same story to the federal agents at the time of his arrest, and in this he was corroborated by Lewis. The federal agents, however, testified that Cohen told them he did not think he violated the law because he had bought the automobile in a free market for $1,035. There was no evidence, other than the testimony of Straw and Cohen, as to what transpired between them just prior to the entry of the arresting officers.

In this setting, although prior to the taking of the testimony of Cohen and Lewis, Straw, on cross-examination, was asked, "And you have demanded of these defendants the sum of $1,300, haven't you?" On objection by the Government, the question was finally sought to be supported on the ground that it went to the credibility of the witness and to show his special interest in the case. The objection was sustained. Although it does not appear in the record whether Straw had actually instituted a civil action to recover the overcharge, that was assumed in the argument on the objection.

The question thus raised is whether the appellant was at the door of an appropriatte subject of inquiry. We think he was. Straw was obviously the chief prosecution witness. His testimony as to what transpired between him and Cohen was crucial and damaging. It was contradicted by Cohen. The other evidence was not necessarily inconsistent with either story. Thus, credibility became exceedingly important if not decisive, and "searching cross-examination" was proper. Alford v. United States, 1931, 282 U.S. 687, 692, 51 S.Ct. 218, 75 L. Ed. 624.

We think the fact, if it was a fact, that Straw had instituted a civil action against the appellant based upon the same transaction charged in the information would have a direct bearing on the credibility of Straw, to show bias and prejudice, as well as his relation to the case.

■ The rule is aptly stated in Wigmore on Evidence, 3rd Ed., Vol. 3, Section 949, p. 502, as follows:

"The *pendency of civil litigation* between the witness and the opponent is usually relevant, not only as a circumstance tending to create feeling, but also as involving conduct expressive of feeling (*post* § 950); and while the mere fact of litigation upon a disconnected matter may not necessarily show bias, still it is useless to attempt to distinguish and refine for the purpose of exclusion." (Emphasis in text).

As already noted, it does not affirmatively appear in the record whether Straw had commenced civil proceedings against Cohen or made a demand upon him, but that is unimportant. "To say that prejudice can be established only by showing that the cross-examination, if pursued, would necessarily have brought out facts tending to discredit the testimony in chief, is to deny a substantial. right and withdraw one of the safeguards essential to a fair trial." Alford v. United States, supra, 282 U.S. at page 692, 51 S.Ct. at page 219.

■ It is our conclusion, therefore, that under the circumstances in this case, it was prejudicial error to prevent the cross-examination of Straw along the lines indicated. "Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them." Alford v. United States, supra, 282 U.S. at page 692, 51 S.Ct. at page 219. Here, as in the Alford case, "The trial court cut off in limine all inquiry on a subject with respect to which the defense was entitled to a reasonable cross examination." Alford v. United States, supra, 282 U.S. at at page 694, 51 S.Ct. at page 220.

The appellant's second contention is directed to the refusal of the court below to charge the jury, as requested, with respect to the special interest of Straw as a participant in the transaction. Apparently this refusal was tied in with the learned judge's view of the evidence. We see no necessity to rule on this issue now for, on retrial, the relevancy and appropriateness of the charge will be self-evident.

■ The appellant further contends that the learned trial judge erred in denying his application to apply to the Emergency Court of Appeals for review of the Regulation here involved pursuant to the provisions of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 924(e) (1). That Act, however, makes it incumbent upon the court to determine whether the appellant's objections to the validity of the Regulation are made in good faith, and also whether there is "reasonable and substantial excuse for the defendant's failure to present such objection in a protest filed" in the normal course under Section 923(a), 50 U.S.C.A.Appendix. Thus, the matter is left to the sound discretion of the trial court. Dowling Bros. Distilling Co. v. United States, 6 Cir., 1946, 153 F.2d 353, 357, 358, certiorari denied sub nom. Gould v. United States, 328 U.S. 848, 66 S.Ct. 1120, 90 L.Ed. 1622. We cannot say that the learned judge abused that discretion here. Cf. United States v. Mayfair Meat Packing Corporation, 2 Cir., 1947, 158 F.2d 685.

■ Finally, we find no merit in appellant's point that there existed a material variation between the information and the proof. The information alleged that the maximum price of the automobile under the Regulation was $724.80, whereas the

evidence disclosed that it was $735.83. That variance was not such as to affect the substantial rights of the accused. 28 U.S.C.A. § 391; Rule 52(a), Federal Rules of Criminal Procedure (effective March 21, 1946), 18 U.S.C.A. following Section 687; Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Cromer v. United States, 1944, 78 U.S.App.D.C. 400, 142 F.2d 697, 698, certiorari denied 322 U.S. 760, 64 S.Ct. 1274, 88 L.Ed. 1588; Loper v. United States, 10 Cir., 1947, 160 F.2d 293, 294; Carothers v. United States, 5 Cir., 1947, 161 F.2d 718, 720.

For the reasons stated, the judgment of conviction will be reversed and the cause remanded with directions to grant a new trial.