J. D. LANKISTER, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12311.

Criminal Court of Appeals of Oklahoma.

June 20, 1956.

Robert J. Bell, Charles B. Tucker, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, J. D. Lankister, Jr., defendant below, was charged by information in the County Court of Pittsburg County, Oklahoma, with the crime of operating a motor vehicle while under the influence of intoxicating liquor. The defendant was tried to a jury, con-

victed, and sentenced to thirty days in jail and a fine of $200, from which judgment and sentence he appeals.

It is needless to write an extended opinion in this case for the reason that the attorney general virtually confesses error stating that his failure to file a brief herein, was because he was unable to meet two contentions raised by the defendant. First that the state failed to prove corpus delicti, and second, error of the trial court's denial on cross examination of defendants right to interrogate Anna Lou James, now Mrs. Logan, on the fact that she had a civil damage suit pending against the defendant arising out of the facts involved in this action, and by reason of which condition she was necessarily possessed of a financial interest and was therefore biased and prejudiced.

On the first, the evidence on the point of corpus delicti on behalf of the state is provided by the police officers who were called to the scene of the collision arising out of the criminal offense herein alleged. The officers testified that the defendant confessed to them that he was driving the automobile. This extra-judicial confession was corroborated only in the fact that Mrs. Logan testified: "I had a glimpse you know in the windshield, it looked as though it was a man driving."

To the contrary, Mrs. Marguerite Fenimore, who was riding with the defendant, testified that she was driving and the defendant testified that he was not driving.

It has been repeatedly held that an extra-judicial confession does not warrant a conviction unless it is corroborated by independent evidence, either direct or circumstantial, as to the corpus delicti. Brown v. State, 81 Okl.Cr. 303, 164 P.2d 249, 166 P.2d 1021, 1022, citing Henry v. State, 14 Okl.Cr. 189, 169 P. 658, holds:

"'In a criminal case a conviction cannot be had on the extrajudicial confessions of the defendant, without evidence aliunde of the corpus delicti; but direct and positive proof of that fact is not indispensable.'"

In Long v. State, 77 Okl.Cr. 174, 140 P.2d 600, 601, it was said:

"The general rule is that the corpus delicti must be established as an independent fact, beyond a reasonable doubt, yet it is not necessary that it should be proven by direct and positive proof. It may be proven by circumstantial evidence if from all the circumstances the jury are satisfied of the defendant's guilt beyond a reasonable doubt."

Herein, the only corroborating evidence of the extra-judicial confession is the testimony of Mrs. Logan to the effect that she had a glimpse and thought she saw the face of a man. The conviction herein, is predicated upon the testimony of Mrs. Logan. In Bristow v. State, 86 Okl. Cr. 97, 189 P.2d 629, we held:

"Where the evidence of the state to sustain a conviction is based upon surmise, speculation and suspicion, the conviction will be reversed as not sustained by sufficient evidence."

In this connection is the evidence of Mr. W. S. Horton, an attorney of high standing and good reputation who witnessed the accident and testified the first time he saw the defendant, he was coming from the right side of the automobile. He testified that Mrs. Fenimore was lying partially under Horton's automobile, which would place her on the left hand side of the defendant's automobile. Thus, from the physical facts it would appear that Mrs. Fenimore was thrown out of the left hand side of the automobile. Moreover, the physical facts present a strong chain of circumstance corroborating the defendant's testimony that he was not driving the automobile and that Mrs. Fenimore was driving the automobile, instead. Therefore, the charge of driving while under the influence of intoxicating liquor fails for want of evidence to establish the corpus delicti. Hence, the attorney general's failure to brief the matter and his statement, in open court, that he was unable to meet this issue is tantamount to a confession of error and will be so regarded.

Secondly, the attorney general's statement amounted to a confession that the trial court committed reversible error in denying the defendant the right of cross-examination of Mrs. Logan, to show her bias and prejudice due to the fact that she had pending a $48,000 damage suit, which cross-examination would have established her bias in favor of the state. We have repeatedly held in this court:

"Ordinarily a witness may be asked on cross-examination as to any matter which tends to disclose his friendship or bias in favor of either the state or the defendant for the purpose of affecting his credibility as a witness."

Kilpatrick v. State, 90 Okl.Cr. 276, 213 P.2d 584, 585. Also in Blumhoff v. State, 72 Okl.Cr. 339, 116 P.2d 212, 213:

"On cross-examination, the court should be liberal in allowing a witness to be interrogated on any matter which tends to show bias or prejudice on the part of the witness or friendship or enmity toward either of the parties or circumstances under which he has a temptation to swear falsely."

Chapman v. State, 28 Okl.Cr. 208, 230 P. 283; Yoder v. State, 18 Okl.Cr. 637, 197 P. 848; Cassady v. State, 18 Okl.Cr. 568, 197 P. 171. It is thus apparent that the trial court committed reversible error in not permitting the witness, Mrs. Logan, to be cross-examined on this issue.

Numerous other errors appear in the record which, under the conditions herewith presented, will not be necessary for us to discuss. It is sufficient to say that in the event of a retrial of this case, trial court should studiously refrain from showing any bias and prejudice, which, of course, we believe he did not intentionally do, and any error that he may have committed with reference to the admission or rejection of evidence should be avoided. But, in the event the state is not able to obtain further proof sufficient to establish the corpus delicti, this case should be dismissed, otherwise to be retried.

The conviction herein had is accordingly vacated and set aside with directions to the trial court to proceed according to the principles herein announced.

POWELL, J., concurs.