## CASON *v.* STATE

[No. 123, September Term, 1962.]

*Decided January 10, 1963.*

*Motion for rehearing filed January 11, 1963, denied January 16, 1963.*

The cause was submitted to HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted on brief by *E. Thomas Maxwell, Jr.,* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Jacques E. Leeds, Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *James W. McAllister, Assistant State's Attorney,* for the appellee. .

358

PER CURIAM.

The appellant was convicted of the larceny of a transistor radio by Judge Cullen, sitting without a jury, and he has appealed.

He contends that the radio, the subject of the larceny, was improperly admitted into evidence, and that the evidence was not sufficient to support a finding of his guilt.

The prosecuting witness' automobile was forcibly entered, and the radio stolen therefrom on August 5, 1961. Thereafter, on December 19, 1961, police officers discovered the radio in an apartment occupied by the appellant. He told the officers that he had purchased it from a store, but did not remember what store. At the trial, he did not testify and offer any explanation of how he came into possession of the radio, but produced his fifteen-year-old son, who testified that he, the son, had bought it, from "two boys [who] were walking up the street," for four dollars.

Appellant acknowledges and concedes the principle of law which requires that a person, who is found in possession of recently stolen property, produce a reasonable explanation of such possession, or face an inference that he is the one who has stolen it (*Butz v. State,* 221 Md. 68, 156 A. 2d 423), but claims that the lapse of time between the theft and his possession in the case at bar is so great that he was not in possession of "recently" stolen property. In *Butz,* we stated: "The term 'recent,' when used in connection with recently stolen goods, is a relative term, and its meaning as applied to a given case will vary with the circumstances of the case." See also *State v. Jenkins,* 213 S. W. 796 (Mo.) ; *State v. Brightman,* 110 N. W. 2d 315 (Iowa) ; 32 Am. Jur., *Larceny,* § 142; *Boehm v. United States,* 271 Fed. 454 (C.A. 2). Cf. 52 C.J.S., *Larceny,* § 106. We think that the radio was properly admitted in evidence, and that the evidence was sufficient to support appellant's conviction. The lapse of something over four months of time, under the circumstances of this case, was insufficient to destroy the probative effect that the trier of facts was entitled to give to the "recent" possession of the stolen property by the accused, in the absence of a reasonable explanation of his possession. And the trier of facts was justified in finding the

explanation given by the appellant was completely unreasonable and highly improbable—in fact impossible in certain aspects. First, he claimed that he had purchased the radio from a store. This was quite unlikely, because the prosecuting witness had purchased it himself shortly before its theft. Second, the accused offered his young son, who stated that the son had bought it from two boys. Obviously, both versions could not be be correct.

*Judgment affirmed.*