458 P.2d 964

STATE of Arizona, Appellee,

v.

Charles McMURTRY, Appellant.

No. 1 CA–CR 199.

Court of Appeals of Arizona,
Division 1.

Department A.

Sept. 15, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Lawrence C. Cantor, Phoenix, for appellant.

CAMERON, Judge.

Defendant, Charles McMurtry, was convicted by a jury and adjudged guilty of the crime of grand theft (A.R.S. § 13–661 and § 13–663). Defendant's motion for new trial was denied. Defendant appeals and we are called upon to determine whether the trial court erred in:

1. failing to allow the defendant to show that the prosecuting witness had filed a civil action against the defendant for the items stolen, and

2. giving an instruction that the possession of recently stolen property by defendant would be a circumstance tending to show guilt when the possession was four months after the theft.

Sometime after midnight during the morning of 7 January 1968, a removable top and bumper were taken from Carl O. John's automobile, a 1956 Ford Thunderbird, at his home at 531 West 6th Drive, Mesa, Arizona. This theft was reported to the police.

On 8 April 1968, Carl O. John saw a 1955 Thunderbird parked on the street and identified the top and bumper as the ones stolen. He called the police and as a result a few days later defendant Charles McMurtry was questioned at the Mesa Police Station.

At the police station the top was not identified as the one stolen and the one the prosecuting witness identified on 8 April 1968. The bumper was identified at the station by John as the same one seen on 8 April 1968 and the one which had been stolen. The top was never found. The appellant testified that he purchased the bumper from an unidentified man at Park and Swap, located in the parking lot of Greyhound Park at 40th Street and Washington in Phoenix, Arizona.

## CROSS-EXAMINATION

The complaining witness at the time of the trial was prosecuting a civil action against the defendant for conversion of the stolen items. Defendant's counsel on cross-examination attempted to examine the complaining witness in regard to the pending civil action, but the State's objection to the question was sustained by the court. On direct examination of defendant's father he also attempted to show that the complaining witness had threatened the defendant's father with criminal prosecution of the defendant if payment· for the items which were stolen was not made. The trial court would not allow the defendant to go into this matter and the defendant made an offer of proof:

"MR. WHITNEY: Now, at this time in order to save the time in front of the jury, and also for appearances sake, we reserve the right, and by stipulation we are making now, an avowal in connection with evidence that we intended to show, that the complaining witness went to the house of the defendant and talked with the father, on the 4th of July, this month, and told the father that if he didn't give him the money for this property that he alleged to have lost or to have been stolen from him, that he would be sorry, meaning that he would vigorously go after him in this case. We feel that that was material to show bias, because the jury is always instructed that they may consider the motives of any witness for testifying.

"We would also have shown, having been permitted, that an action for civil damages in connection with the alleged conversion of this (sic) very same articles that were claimed to have been stolen was commenced against the defendant in a Justice Court, which precinct, I don't recall, and it was immediately after the defendant was bound over for trial."

The offer was rejected and defendant contends the court erred in refusing to admit this testimony of a civil action filed against defendant by the prosecuting witness which arose out of the same facts charged in the information.

 Our Supreme Court is committed to the principle that great latitude should be allowed in the scope of cross-examination. State v. Mangrum, 98 Ariz. 279, 403 P.2d 925 (1965). This Court has recently stated:

"The defendant complains that he was not permitted to cross-examine the mother of the complaining witness as to whether a civil action was being filed against the defendant arising out of the shooting of her son by the defendant. We believe that this lies within the permissible limits of cross-examination, to show bias or a motive for prevarication on the part of the witness. State v. Little, supra, 87 Ariz. at 301, 350 P.2d 756 [86 A.L.R.2d 1120]; and see United States v. Lester, 248 F.2d 329 (2d Cir. 1957)." State v. Taylor, 9 Ariz.App. 290, 294, 451 P.2d 648, 652 (1969).

And this is in agreement with the general rule in the United States. In United States v. Cohen, 163 F.2d 667, 669 (1947), the court held:

"We think the fact, if it was a fact, that Straw had instituted a civil action against the appellant based upon the same transaction charged in the information would have a direct bearing on the credibility of Straw, to show bias and prejudice, as well as his relation to the case." Also see Lankister v. State, Okl.Cr., 298 P.2d 1088 (1956).

Refusal to allow cross-examination and direct examination concerning these facts was reversible error.

## WAS THE INSTRUCTION ERRONEOUS?

The defendant also objects to the giving of the following instruction at the trial:

"Now, if you should find that the evidence that a theft was committed and that soon after the defendant was found in possession of property stolen, such a fact would be a circumstance tending in some degree to show guilt, although not

· sufficient standing alone and unsupported by other evidence to warrant you finding the defendant guilty."

The defendant agrees that the law in Arizona is that the unexplained posses-sion of recently stolen goods is a fact from which guilt may be inferred. State v. Valencia, 2 Ariz.App 301, 408 P.2d 234 (1965); Murphy v. State, 50 Ariz. 481, 73 P.2d 110 (1937); Porris v. State, 30 Ariz. 442, 247 P.2d 1101 (1926):

"It is also almost universally recognized that proof of possession by an accused, of recently stolen property, warrants an inference that he was the taker." State v. Jackson, 101 Ariz. 399, 401, 420 P.2d 270, 272 (1966).

Defendant does object, however, that 4 months is not "soon after" or "recent". Whether possession is "soon after" or "recent" depends entirely upon the circumstances of the particular case:

" * * * The interval after the lapse of which possession will be considered remote is relatively short in the case of money, for the obvious reason that, of all forms of property, money is the easiest to dispose of, and as a general rule lengthens in the case of other property inversely with its salability, the presumption being held to arise in the case of property which does not pass readily from hand to hand at a time more remote from the theft than in the case of property readily transferable. * * *." 52A C.J. S. Larceny § 106, page 593.

In determining whether to instruct on possession "soon after" or "recent" each case must be examined in the light of the facts and circumstances of the case. Even though there is respectable authority to the contrary (see Cason v. Maryland, 230 Md. 356, 187 A.2d 103 [1963]), we feel that in the instant case four months was too long and it was error to give the instruction.

Reversed and remanded for new trial.

DONOFRIO, P. J., and STEVENS, J., concur.