490 P.2d 25

**STATE of Arizona, Appellant,**

v.

**John ORNELAS, Appellee.**

**No. 1 CA–CR 245.**

Court of Appeals of Arizona,
Division, 1,
Department A.

Nov. 3, 1971.

Moise Berger, Maricopa County Atty., by V. Gene Lewter, Deputy County Atty., Phoenix, for appellant.

Bellamak & Mitchell, by Anis Mitchell, Scottsdale, for appellee.

CASE, Judge.

Three issues are raised by the State in appealing from an order granting defendant a new trial. The parties will be referred to as they appeared in the trial court.

The facts are as follows: On 3 April 1968, defendant was found guilty by a jury of two counts of grand theft by false or fraudulent representation or pretenses. On 8 April 1968, defendant filed a motion for a new trial which was denied by the court on 18 April 1968. The time for sentencing was set for 22 April 1968 but continued on 23 April for a period of eight months. Sentencing was set for 13 December 1968. On 10 December 1968, the minute entry reflects that proceedings were suspended until 10 June 1969. The minute entry of 17 June 1969 shows that upon motion of the court, the defendant was granted a new trial and, upon motion of the State, the court dismissed the charges. On 18 June 1969, the minute entry of 17 June 1969 was vacated and the case placed upon the calendar for 7 July 1969 and subsequently reset for 1 July 1969. On that date, defendant moved that his motion for a new trial be reopened. The court granted the motion for a new trial. On 10 July 1969, the order granting a new trial was filed and stated the following grounds therefor:

"I. The Court erred in not allowing the defendant's attorney, Mr. Mitchell, to cross examine State's witness Vohringer as to any bias and prejudice he might have, specifically concerning the fact that a civil case had been filed involving this matter and particularly with respect to the fact that the civil case involved a

considerably larger sum of money than involved in the criminal complaint.

"II. The Court also erred in denying cross examination of the State's witness as to the fact a peace bond at one time had been filed against him by Mr. Ornelas in one of the Phoenix Justice Courts.

It is the opinion of the Court that these matters might well have caused the jury to reach a different verdict and for those reasons and in the interest of what I think is justice and fair play to the defendant, I am going to grant the motion for a new trial."

It is from this order that the State appeals.

The State raises three issues which we will discuss in the order presented.

## I. DID THE TRIAL COURT ABUSE ITS DISCRETION IN GRANTING A NEW TRIAL ON THE GROUNDS THAT IT HAD ERRED IN REFUSING TO PERMIT EVIDENCE TENDING TO SHOW BIAS AND PREJUDICE ON THE PART OF THE STATE'S WITNESS, PAUL VOHRINGER?

■ We answer this question in the negative.

In the case of State v. McAvaney, 106 Ariz. 149, 150, 472 P.2d 18, 19 (1970), our Supreme Court stated:

"However, this Court generally will not interfere with the trial court's exercise of its discretion in the matter of granting a new trial unless it appears affirmatively that there was an abuse of discretion, or that the trial court acted arbitrarily. State v. Blankenship, 99 Ariz. 60, 406 P.2d 729."

Rule 311 of the Arizona Rules of Criminal Procedure 17 A.R.S. provides:

"A. The court shall grant a new trial if any of the following grounds is established, provided the substantial rights of the defendant have been thereby prejudiced:

* * * * * *

6. That the court has erred in the decision of any matter of law arising during the course of the trial."

The trial court in its order granting a new trial determined that it had erred in restricting defendant's counsel in cross-examining the State's witness.

In the case of State v. McMurtry, 10 Ariz.App. 344, 345, 458 P.2d 964, 965 (1969), we stated:

"Our Supreme Court is committed to the principle that great latitude should be allowed in the scope of cross-examination. State v. Mangrum, 98 Ariz. 279, 403 P. 2d 925 (1965). This Court has recently stated:

'The defendant complains that he was not permitted to cross-examine the mother of the complaining witness as to whether a civil action was being filed against the defendant arising out of the shooting of her son by the defendant. We believe that this lies within the permissible limits of cross-examination, to show bias or a motive for prevarication on the part of the witness. State v. Little, supra, 87 Ariz. [295] at 301, 350 P.2d 756 [86 A.L.R.2d 1120]; and see United States v. Lester, 248 F.2d 329 (2nd Cir. 1957).' State v. Taylor, 9 Ariz.App. 290, 294, 451 P.2d 648, 652 (1969).

"And this is in agreement with the general rule in the United States. In United States v. Cohen, 3 Cir., 163 F.2d 667, 669 (1947), the court held:

'We think the fact, if it was a fact, that Straw had instituted a civil action against the appellant based upon the same transaction charged in the information would have a direct bearing on the credibility of Straw, to show bias and prejudice, as well as his relation to the case.'

Also see Lankister v. State, Okl.Cr., 298 P.2d 1088 (1956).

"Refusal to allow cross-examination and direct examination concerning these facts was reversible error."

Udall in his treatise on the Arizona Law of Evidence states:

> "The law of evidence has long recognized that a jury in passing on credibility may be aided by, and has a right to know any fact tending to show that the witness feels bias, prejudice or hostility toward one of the parties." M. Udall, Arizona Law of Evidence 95 (1960).

*See also,* State v. Cadena, 9 Ariz.App. 369, 452 P.2d 534 (1969). We concur in the trial court's determination that had defendant's counsel been permitted to inquire into these areas, the jury might well have reached a different conclusion.

## II. DID THE TRIAL COURT ABUSE ITS DISCRETION BY GRANTING A NEW TRIAL ON THE GROUND THAT IT WAS IN THE INTEREST OF JUSTICE AND FAIR PLAY TO THE DEFENDANT?

■ We answer this question in the negative.

The State argues that the statement "in the interest of what I think is justice and fair play to the defendant" contained in the order for a new trial is a blanket provision in case the particular grounds set forth in the order should be deemed insufficient. We do not agree. It is patently clear from a reading of the order that the trial judge determined that he had erred in matters of law. We consider the phrase complained of to be mere surplusage.

## III. DID THE TRIAL COURT HAVE JURISDICTION TO GRANT A NEW TRIAL 14 MONTHS AFTER THE MOTION FOR A NEW TRIAL HAD ORIGINALLY BEEN DENIED, AND IF SO, DID THE COURT ABUSE ITS DISCRETION BY SUCH A DELAY IN GRANTING THE MOTION?

■ We answer the first part of this question in the affirmative and the last part in the negative.

■ The record before us is silent as to the reasons that the sentencing was delayed although defendant's brief recites the basis therefor. The record does reflect that no objection was raised to the procedure either by the State or the defendant. We treat defendant's motion to reopen his motion for a new trial as a Rule 60(c), 16 A.R.S., motion.

Our Supreme Court in the case of State v. Hogue, 106 Ariz. 532, 534, 479 P.2d 417, 419 (1971) stated:

> "Traditionally, trial courts have had the inherent power to vacate, modify, or set aside judgments in the terms within which they were rendered. Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032 (1925); Sam v. State, 33 Ariz. 421, 265 P. 622 (1928). Today, in Arizona, when we no longer have set terms of court, in the absence of a specific rule or statute, the inherent power of the trial court to vacate, modify, or set aside its own judgments in criminal cases is governed by Rule 60(c), as amended, Rules of Civil Procedure. The application of Rule 60(c) to criminal matters is well-established. State v. Lopez, 96 Ariz. 169, at 172, 393 P.2d 263, at 265 (1964); Campbell v. Thurman, 96 Ariz. 212, at 214, 393 P.2d 906, at 908 (1964).

The only exception to this inherent power of the trial court (under Rule 60(c), as amended) to provide relief from an order or judgment is where an appeal has been perfected. Once the appeal has been perfected the trial court no longer has jurisdiction to rule upon any motion, except one in furtherance of the appeal."

The record reflects that defendant had not been sentenced, nor had a judgment of guilt been entered, nor had an appeal been perfected at the time the trial court entered its order.

■ Our Supreme Court has on numerous occasions stated that the grant or denial of a 60(c) motion is within the discretion of the trial court and will not be disturbed except for a clear abuse thereof.

We find no such abuse of discretion herein.

The order of the trial court granting defendant's motion for a new trial is affirmed and the case is remanded for a new trial.

STEVENS, P. J., and DONOFRIO, J., concur.