610 P.2d 51

**STATE of Arizona, Appellee,**

v.

**Herman JONES, Jr., Appellant.**

**No. 4887.**

Supreme Court of Arizona,
In Banc.

March 31, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Dennis C. Freeman, Asst. Attys. Gen., Phoenix, for appellee.

George A. Rouff, Yuma, for appellant.

STRUCKMEYER, Chief Justice.

Appellant, Herman Jones, Jr., was convicted of possession of stolen property, a violation of A.R.S. § 13–1802, and appeals. Jurisdiction was accepted pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S. Affirmed.

Some time between December 17th and 22nd of 1978, the home and garage of Donald Foster, a resident of Earp, California, were burglarized. Among the items which were stolen were guns, a stereo component system, a radio and a calculator.

On February 19, 1979, a police officer, while investigating an unrelated incident at the home of Herman Jones, appellant herein, recognized an RCA color television as the one described by Foster as having been stolen from his home in December. Distinctive characteristics were a broken antenna and damage to the RCA insignia. Based upon this observation and upon information from witnesses connecting Jones to other property stolen from the Foster home, a search warrant was issued to search his home for evidence connected with the Foster burglary. Foster accompanied the officers executing the warrant and identified the RCA television, a Zenith transoceanic radio and a Texas Instruments calculator as items which had been stolen from his home in the December burglary.

Jones was charged with violating A.R.S. § 13–1802,[1] possession of stolen property of value greater than $100, but less than $1,000, a class 4 felony.

Appellant first argues that the trial court erred in denying his motion for a directed verdict of acquittal at the close of the State's case in chief.

■ A motion for directed verdict of acquittal must be granted when "there is no substantial evidence to warrant a conviction." Rule 20(a), Arizona Rules of Criminal Procedure, 17 A.R.S. The motion challenges only the sufficiency of the evidence. *State v. Milton*, 15 Ariz.App. 392, 393, 489 P.2d 55, 56 (1971). "Substantial evidence" is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt. *See United States v. Hall*, 552 F.2d 273, 276 (9th Cir. 1977); *United States v. Cameron*, 484 F.2d 939, 940 (9th Cir. 1973); *United States v. Figueroa*, 468 F.2d 1055, 1058 (9th Cir. 1972); *United States v. Barfield*, 447 F.2d 85, 88 (5th Cir. 1971). Where the evidence raises a question of fact for the jury and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion for directed verdict of acquittal is not error. *See May v. State*, 335 So.2d 242, 244 (Ala.Cr.App. 1976).

Appellant argues that the items found in his home were not sufficiently identified as stolen from Foster and that there was not sufficient evidence to establish he knew the items were stolen.

■ Appellant does not question the identification of the television set. Hence, we consider it as adequately identified. Appellant seems to argue that the radio and calculator can only be identified by their serial numbers. No authority is cited for this proposition, and we do not find it persuasive. We think *People v. Coffman*, 2 Cal.App.3d 681, 686, 82 Cal.Rptr. 782, 784 (1970), pronounces a more realistic and appropriate rule:

> "* * * The law does not demand positive identification of the goods as a prerequisite to jury consideration. The prosecution may prove the defendant's possession of items resembling and which may actually be the stolen ones; such

* * * * * *

B. The inferences set forth in § 13–2305 shall apply to any prosecution under the provisions of subsection A, paragraph 5 of this section.
* * *."

---

[1]. A.R.S. § 13–1802 provides in pertinent part:
"Theft; classification
A. A person commits theft if, without lawful authority, such person knowingly:
* * * * * *
5. Controls the property of another knowing or having reason to know that the property was stolen; * * *

evidence supplies a substantial basis for a finding of possession. (Citations omitted.)"

■ The evidence established that the radio was an old, transoceanic multiple band radio. Foster testified that he had never seen a similar radio and that he had replaced a tuner cord in the radio with a deep-sea fishing cord which he could identify. This was sufficient evidence from which the jury could reasonably conclude that the radio was property stolen from Foster.

■ While a calculator is admittedly a common item, the evidence showed that it had been sold as a package with its component parts, a battery pack and a recharger. The component parts had not been taken in the burglary and the calculator found at the defendant's home also lacked the component parts. This, combined with the testimony concerning the other stolen property, lent credence to the belief that the items found in defendant's home were the same items taken in the burglary of Foster's home.

■ Appellant argues the evidence did not establish that he knew the items were stolen. The rule is, of course, that in order to sustain a conviction for receiving stolen property, a defendant must have had actual or constructive knowledge that the property in his possession was stolen. A.R.S. § 13–1802; *State v. Tellez*, 6 Ariz.App. 251, 258, 431 P.2d 691, 698 (1967). Evidence is sufficient to survive a motion for a directed verdict of acquittal when reasonable minds may differ whether the evidence establishes guilty knowledge. *See State v. Reynolds*, 108 Ariz. 541, 544, 503 P.2d 369, 372 (1972).

■ The heart of appellant's argument that the evidence did not show he was aware the property was stolen is that the State could not rest on the statutory inference of guilty knowledge by proof of possession of recently stolen property.[2] Appel-

lant's position is that there was not sufficient showing the property was "recently" stolen.

Whether the possession of property is sufficiently related to the theft depends upon the particular circumstances of the case. *State v. McMurtry*, 10 Ariz.App. 344, 346, 458 P.2d 964, 966 (1969). The time element in this case was possession about two months after the theft. Circumstances which reinforce the time element are the facts that appellant had been to Foster's house prior to the burglary, and that appellant was in possession of three items taken from Foster's home.

When the appellant's motion for a directed verdict of not guilty was made at the conclusion of the State's case in chief, there had been no explanation given for the possession of the stolen items. The possession was sufficiently "recent" to trigger the statutory inference. *Cf. Graham v. State*, 6 Md.App. 458, 251 A.2d 616 (1969) (in which two months was "recent" where the possession was not satisfactorily explained) and *Cason v. State*, 230 Md. 356, 187 A.2d 103 (1963) (in which four months was "recent" where defendant offered inconsistent evidence to explain possession).

We hold that the denial of the appellant's motion for directed verdict at the end of the State's case in chief was proper.

■ Appellant further complains that the evidence was not sufficient to support the verdict of guilty. In testing the sufficiency of the evidence to support a verdict, the facts must be viewed in the light most favorable to upholding the verdict. *State v. Trotter*, 110 Ariz. 61, 63, 514 P.2d 1249, 1251 (1973). All reasonable inferences are resolved against the appellant. *State v. Bearden*, 99 Ariz. 1, 405 P.2d 885 (1965).

Appellant testified that he bought the calculator, but he did not produce a receipt, nor did he offer evidence to corroborate his

---

**2.** The statutory inference is contained in A.R.S. § 13–2305, providing in part:

  "1. Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property was aware of the risk that it had been stolen or in some way participated in its theft."

testimony[3] of an independent purchase. Appellant testified that a friend, William Jones, had given him the radio, but Jones was unable to describe the radio when he went with appellant to the police station to explain appellant's possession. Appellant and his mother both testified that she bought the television set, but here, again, no receipt for its purchase was produced nor could either identify the seller. Finally, although appellant testified that he had never seen one of the guns which had been stolen in the burglary, two witnesses said that he told them he was the owner and wanted them to sell it for him.

There was sufficient evidence from which the jury could reasonably reject appellant's explanation for his possession of the stolen items as incredible.

 Appellant urges that the trial court should have vacated the judgment of conviction and granted a motion for a new trial upon the grounds of newly discovered evidence. The rule is that before a motion to vacate a judgment and grant a new trial will be considered, it must be shown that a newly discovered material fact exists, that the accused has exercised diligence in discovering such fact, and that such fact would probably change the verdict. Rules 24.2, 32.2, Arizona Rules of Criminal Procedure, 17 A.R.S. The granting or denying of a motion for new trial is within the sound discretion of the trial court and its determination will not be reversed unless an abuse of discretion affirmatively appears. *State v. Scott*, 113 Ariz. 423, 426, 555 P.2d 1117, 1120 (1976).

The facts of this case establish that appellant knew of the existence of this witness before trial and did not exercise diligence to obtain the evidence for the trial. In addition, both appellant and William Jones testified as to how appellant acquired the radio. The evidence was considered as cumulative by the trial judge, who felt that it would "probably" not have changed the result. We hold there was no abuse of

discretion in denying the motion for a new trial.

Appellant argues that the sentence imposed was excessive. But no mitigating circumstances were shown and the sentence was well within the limits permitted by statute. *See* A.R.S. §§ 13-604 and 13–701.

Judgment affirmed.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.

---

3. Although the victim, Don Foster, had testified that the calculator and its components were sold as a package, defendant testified that he had bought the calculator alone.