NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MIGUEL ANGEL LOPEZ, *Appellant.*

No. 1 CA-CR 13-0104
FILED 3-25-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-109423-001
The Honorable Warren J. Granville, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**O R O Z C O**, Judge:

¶1        Miguel Angel Lopez (Defendant) appeals his convictions and sentences for three counts of disorderly conduct with two prior felony convictions, in violation of Arizona Revised Statutes (A.R.S.) section 13-2904 (2010), and one count of disorderly conduct, with no prior felony convictions.  Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this court that after a search of the entire appellate record, he found no arguable question of law that was not frivolous.  Defendant was afforded the opportunity to file a supplemental brief in propria persona, but he has not done so.

¶2        Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 (2003), 13-4031 (2010), and -4033.A.1 (2010).  Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶3        On November 24, 2011, M.L., A.G.,  J.G., and N.P. (collectively the Victims) were gathered in front of M.L.'s house located in Glendale, Arizona.  At approximately 2:00 p.m., Defendant drove to M.L.'s house in a red car and stopped the car a few feet from the Victims. Defendant shouted out "Caught you slipping," cocked and pointed a gun outside the car window in the direction of the Victims.  After pointing the gun at the Victims,  Defendant drove away.  M.L. called 911 and reported the incident.  Shortly thereafter, Glendale Police Officer D. (Officer D.) arrived at the scene.  All four victims reported to Officer D. that the suspect who pointed a gun at them was driving a red Dodge Neon.  M.L. told Officer D. that the suspect was his brother.

¶4        The State charged Defendant with three counts of disorderly conduct, each a class six dangerous felony, and one count of aggravated assault, pursuant to A.R.S. § 13-1204, a class three dangerous felony.

¶5        A jury found Defendant guilty of all three counts of disorderly conduct as well as one additional count of disorderly conduct, a lesser included offense of aggravated assault pursuant to A.R.S. § 13-2904.  The trial court granted the State's motion to dismiss the classification of "dangerous" as to all four counts.

## DISCUSSION

¶6        When reviewing the sufficiency of the evidence, we view the evidence "in the light most favorable to sustaining the conviction."  *State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981).  We do not reweigh the evidence and will affirm if substantial evidence supports the trial court's verdict.  *Id.*  "Substantial evidence is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt."  *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980) (internal quotation marks omitted).

¶7        Disorderly Conduct requires proof that the defendant, "with intent to disturb the peace or quiet of a . . . person, . . . recklessly displays . . . a deadly weapon."  A.R.S. § 13-2904.A.6.

¶8        At trial, the State presented evidence that Defendant intentionally disturbed the peace or quiet of the Victims when he drove to M.L.'s home, yelled out "Caught you slipping" and pointed a gun in the direction of the Victims.  M.L. made eye contact with Defendant and recognized the man holding the gun (Defendant) as his younger brother.  All four victims identified Defendant as the person who yelled and pointed a gun at them.

¶9        The Victims testified that they were shocked, scared and believed that their lives were in danger when Defendant pointed the gun in their direction.  Accordingly, the State presented sufficient evidence for the jury to find Defendant guilty of disorderly conduct.

¶10       Defendant was sentenced to 3.5 years' imprisonment as to counts one, two and three, disorderly conduct with two prior felony convictions, to be served concurrently.  The court also sentenced Defendant to three years' probation on the conviction for disorderly conduct, with no prior felony convicton.  The trial court credited

Defendant with 344 days of presentence incarceration. Thus, a legal sentence was imposed.

**CONCLUSION**

**¶11** We have read and considered counsel's brief. We have also carefully searched the entire appellate record for reversible error and have found none. *See Clark*, 196 Ariz. at 541, ¶ 49, 2 P.3d at 100. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and substantial evidence supports the jury's verdicts. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his attorney were given an opportunity to speak, and the trial court imposed legal sentences.

**¶12** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584, 684 P.2d 154, 156 (1984). Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See id.* at 585, 684 P.2d at 157. Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.

**¶13** For the foregoing reasons, Defendant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: MJT