NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ELIAS ANTONIO FERNANDEZ, *Appellant*.

No. 1 CA-CR 13-0612
FILED 4-8-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2011-164596-001
The Honorable Robert E. Miles, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Reilly
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

_____

**O R O Z C O**, Judge:

**¶1**         Appellant Elias Antonio Fernandez (Defendant) appeals his conviction and sentence from one count of promoting prison contraband. An officer found marijuana inside Defendant's pant pocket during a search inside a Maricopa County Jail (Jail). Defendant argues that there was insufficient evidence for a jury to convict him of promoting prison contraband. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         City of Surprise Police Officer C. responded to a shoplifting call from a Target store. Officer C. met with the Target loss prevention officer who directed her to the shoplifting suspects sitting inside a parked vehicle. Officer R. joined Officer C.'s investigation of the four suspects sitting inside the vehicle. Officer R. went directly to the passenger side of the vehicle and asked Defendant to step out of the vehicle. After Defendant exited the vehicle, Officer R. searched him and felt "something crunchy, something in a bag" inside Defendant's right front pant pocket. Officer R. questioned Defendant about his pocket contents and Defendant denied any knowledge of the pocket contents. Officer R. pulled out a baggie of marijuana from Defendant's front right pant pocket. Officer R. continued his search of Defendant, including both his front and back pant pockets, but found no other contraband. Officer R. handcuffed Defendant and placed him under arrest.

**¶3**         Defendant's front pockets were left inside-out as an indication to other officers that he had been previously searched. Defendant was transported to the Surprise Police Department for processing and was placed in a holding area.

**¶4**         Here, Defendant was again searched for contraband before being booked and transported to Jail. Officers found no additional contraband on Defendant. Officers then transported Defendant and five other individuals to the Jail.

¶5 Upon arrival at the Jail, Defendant's hands were uncuffed from behind his back and re-cuffed in front of his body. Defendant was able to physically reach inside his front pockets while his hands were handcuffed in the front of his body. Before the detention search, Officer B. advised Defendant to disclose any additional contraband that he may have hidden on his body or in his clothing. Officer B. warned Defendant that any contraband found on him during the detention search would be considered "bringing contraband into the jail, a class two felony." Officer B. gave Defendant an opportunity to disclose any hidden contraband on his person. Defendant did not disclose any hidden contraband.

¶6 During the detention search, an officer found marijuana in Defendant's left front pant pocket. Subsequently, Defendant was charged with: (1) promoting prison contraband, a class two felony; and (2) possession or use of marijuana, a class six felony.

¶7 At trial Defendant moved for a Rule 20 Judgment of Acquittal (Motion of Acquittal) on the promoting prison contraband charge (count one) and argued that the State did not present sufficient evidence to prove that Defendant knowingly took marijuana into the Jail. The trial court denied the motion.

¶8 The jury found Defendant guilty as to both charges. The trial court sentenced Defendant as a non-dangerous, non-repetitive offender, assessed him various fines and fees, and sentenced him to two years' probation as to each count, to be served concurrently.

¶9 Defendant timely appealed his conviction and his sentence for promoting prison contraband.[1] We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 (2003), 13-4031 (2010), and -4033.A.1 (2010).

## DISCUSSION

¶10 The sole issue on appeal is whether the trial court erred in denying Defendant's Motion of Acquittal. Defendant argues that the evidence presented by the State was insufficient for a jury to find that Defendant knowingly transported marijuana into the Jail.

---

[1] Defendant has not appealed his possession or use of marijuana conviction, thus we do not address it here.

¶11        When reviewing the sufficiency of the evidence, we view the evidence "in the light most favorable to sustaining the conviction . . . ." *State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981). We do not reweigh the evidence and will affirm if substantial evidence supports the trial court's verdict. *Id.* "Substantial evidence is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980) (internal quotation marks omitted). There is "no distinction between the probative value of direct and circumstantial evidence." *State v. Bible*, 175 Ariz. 549, 560 n.1, 858 P.2d 1152, 1163 n.1 (1993). "The substantial evidence required for conviction may be either circumstantial or direct," and evidence "wholly circumstantial can support differing, yet reasonable inferences . . . ." *State v. Anaya*, 165 Ariz. 535, 543, 799 P.2d 876, 884 (App. 1990).

¶12        Conviction of promoting prison contraband requires proof Defendant, "knowingly [took] contraband into a correctional facility or the grounds of a correctional facility." A.R.S. § 13-2505 (Supp. 2013).[2] "Knowingly" is a mental state statutorily defined as, "with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists." A.R.S. § 13-105.10.b (Supp. 2013). To "knowingly" commit a crime "does not require any knowledge of the unlawfulness of the act or omission." *Id.*

¶13        The State presented substantial evidence that Defendant knowingly took contraband into the Jail. For instance, after Officer R. found marijuana in a plastic bag located inside Defendant's right front pant pocket during the initial search, no other contraband was found on him. Also, Defendant was thoroughly searched again before arriving at the Jail, and no additional contraband was discovered.

¶14        Further**,** detention officers gave Defendant an opportunity to voluntarily disclose contraband in his possession after warning Defendant that any contraband found on him while going through the detention search was considered "bringing contraband into the [Jail], a class two felony." However, Defendant did not voluntarily disclose any contraband before the detention search. During the detention search, an officer discovered marijuana in Defendant's left front pant pocket.

---

[2]     We cite to the current version of the applicable statutes when no material revisions have since occurred.

¶15       Accordingly, the State presented substantial circumstantial evidence that Defendant knowingly took marijuana into the Jail. Therefore, the trial court properly denied Defendant's Motion of Acquittal.

## CONCLUSION

¶16       For the above reasons, we affirm Defendant's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: MJT