NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

STATE OF ARIZONA, *Appellee,*


*v.*

DAVID ALLEN SMITH, *Appellant.*

No. 1 CA-CR 13-0546
FILED 05-27-2014

———————————————

Appeal from the Superior Court in Maricopa County
No.  CR2012-109719-001
The Honorable Roger E. Brodman, Judge

**AFFIRMED**

———————————————

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

**J O N E S**, Judge:

¶1        Defendant David Allen Smith timely appeals his conviction and sentence for possession or use of dangerous drugs, and possession of drug paraphernalia.  Smith's defense counsel has searched the record on appeal and asserts having found no arguable question of law that was not frivolous.  In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel asks this Court to search the record for fundamental error.  Smith was given the opportunity to file a supplemental brief *in propria persona*, and has elected not to do so.  After reviewing the record, we find no error and therefore affirm Smith's conviction and sentence.

## Background[1]

¶2        The facts of this case began as an undercover investigation of stolen go-carts (carts) conducted by the City of Glendale.  On the morning of November 28, 2011, a used car business reported a break-in and theft of two carts to police.  An undercover investigation conducted by the Glendale Police Department (GPD) followed.  On February 10, 2012, the GPD observed Smith driving what looked to be one of the stolen carts. The GPD took photos of Smith driving the cart, initiated a conversation with Smith to gather information about the vehicle, and expressed interest in purchasing the cart.  After Smith indicated he wanted to sell the cart to the undercover officer, the GPD then emailed the owner of the cart the photo to ascertain if the cart was one of those reported stolen.  When the owner reported to the GPD he was almost certain the cart was the stolen item, the GPD planned an operation to purchase the cart from Smith.  An undercover officer then approached Smith to purchase the cart.  Smith

---

[1] We review the facts in the light most favorable to upholding Smith's conviction and resolve all reasonable inferences against Smith. *State v. Cox*, 214 Ariz. 518, 519, ¶ 2, 155 P.3d 357, 358 (App. 2007) (citing *State v. Stroud*, 209 Ariz. 410, 412, ¶ 6, 103 P.3d 912, 914 (2005)).

sold the cart to the detective at which time a team of officers took Smith into custody.

¶3        Once Smith was in police custody, the GPD conducted an inventory search of Smith's wallet and found a clear plastic bag with a crystal like substance located in the credit card portion of the wallet. The GPD then field tested the substance which indicated the substance was methamphetamine. Smith admitted to the GPD, and later during trial, the methamphetamine belonged to him.

¶4        The Maricopa County Attorney's Office charged Smith with trafficking in stolen property in the second degree, a class 3 felony; possession or use of a dangerous drug, a class 4 felony; and possession of drug paraphernalia, a class 6 felony. After a six-day trial, the jury found Smith not guilty of trafficking in stolen property, but guilty of possession or use of dangerous drugs and possession of drug paraphernalia. *See* Ariz. Rev. Stat. (A.R.S.) §§ 13-3407(A)(1) (2014), -3415 (2014). At sentencing, Smith admitted he had four prior felony convictions. Due to mitigating factors, the trial court sentenced Smith to 6 years' imprisonment for the possession of a dangerous drug and 2.25 years' imprisonment for possession of drug paraphernalia; the sentences were ordered to be served concurrently. Smith received 81 days of presentence incarceration credit.

**Discussion**

¶5        After diligent search of the entire record, Smith's defense counsel has advised this Court that he has found no arguable question of law. We have fully reviewed the record for reversible error, and we find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

¶6        Substantial evidence exists to support Smith's conviction and sentence. Substantial evidence is "such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990) (quoting *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980)). In determining whether sufficient evidence exists to support a conviction, we view the evidence and all reasonable inferences in the light most favorable to sustaining the jury's verdict. *State v. Stroud*, 209 Ariz. 410, 412, ¶ 6, 103 P.3d 912, 914 (2005). "We review the sufficiency of evidence presented at trial only to determine if substantial evidence exists to support the jury verdict." *Id.* at 411, ¶ 6, 103 P.3d at 913. We find sufficient evidence supports the trial court's convictions. Law enforcement officials found methamphetamine in Smith's possession, and

Smith admitted to law enforcement officers the substance belonged to him. Moreover, Smith testified during trial he was in possession of the methamphetamine acquired by law enforcement officials. Therefore, we affirm Smith's conviction and sentence.

¶7         After the filing of this decision, defense counsel is no longer obligated to represent Smith in this appeal. Defense counsel need do no more than inform Smith of the outcome of this appeal and his future options, unless upon review defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶8         Smith has thirty days from the date of this decision to proceed with an *in propria persona* petition for review, if he so chooses. *See* Ariz. R. Crim. P. 31.19(a). Upon our own motion, we also grant Smith thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

## Conclusion

¶9         We affirm Smith's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh