NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

v.

TREVOR BRENT BRADLEY, *Appellant.*

No. 1 CA-CR 19-0138
FILED 5-19-2020

---

Appeal from the Superior Court in Maricopa County
No.  CR2018-125218-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

DuMond & Doran, PLLC, Phoenix
By Samantha Kelli DuMond
*Counsel for Appellant*

―――――――――――――――――――――

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

―――――――――――――――――――――

**W E I N Z W E I G**, Judge:

¶1          Trevor Brent Bradley appeals his sentences for five felony counts of aggravated domestic violence.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          Bradley was arrested for aggravated assault on January 22, 2018, charged as a dangerous felony offense in CR2018-103980 (the "January 2018 Charge").  He pled not guilty, posted a $10,000 bond and was released on January 24.

¶3          Less than four months later, Bradley was arrested for beating his girlfriend while on release and pending trial on the January 2018 Charge.  On May 25, 2018, Bradley was charged with six more dangerous felony offenses arising from the most recent incident in CR2018-125218 (the "May 2018 Charges"), including five counts of aggravated domestic violence and one count of attempted aggravated assault.  For sentencing enhancement purposes under A.R.S. § 13-708(D), the State alleged that Bradley committed the new offenses on felony release for the January 2018 Charge.  Bradley pled not guilty.

¶4          A jury was empaneled in November 2018 to hear the May 2018 Charges.  The jury convicted Bradley on five counts of aggravated domestic violence but acquitted him on the attempted aggravated assault count.  To prove the alleged sentencing enhancement under A.R.S. § 13-708(D), the State introduced various documents from the January 2018 Charge, including Bradley's booking photo, release order and indictment.  Bradley introduced no evidence or testimony in the enhancement phase, but generally argued the State had not proven he committed the May 2018 Charges while on release for the January 2018 Charge.  The jury found the grounds for enhancement.

¶5          The court denied Bradley's motion to set aside the enhancement under Arizona Rule of Criminal Procedure 20(b)(1), concluding that the booking photo, release order and indictment amounted

to substantial evidence of Bradley's felony release status. The court sentenced Bradley to five concurrent eight-year prison terms for the aggravated domestic violence convictions; each sentence included a two-year enhancement under A.R.S. § 13–708(D) based on the jury's finding that Bradley committed the offenses while on felony release.

¶6        Bradley timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(3).

## DISCUSSION

¶7        Bradley argues the State failed to prove he was on felony release when arrested for the May 2018 Charges. Section 13-708(D) directs the superior court to add "a term of imprisonment two years longer than would otherwise be imposed" on a defendant "who is convicted of committing any felony offense" while "released on bond . . . for a separate felony offense." A jury must find the defendant's "release status" beyond a reasonable doubt. *State v. Large*, 234 Ariz. 274, 279, ¶ 12 (App. 2014). The defendant may challenge the sufficiency of the evidence by moving for judgment of an unproven sentencing enhancement. *See* Ariz. R. Crim. P. 20(b)(1).

¶8        We review de novo the denial of a Rule 20 motion, *State v. Goudeau*, 239 Ariz. 421, 461, ¶ 168 (2016), upholding the enhancement if substantial evidence supports it, *State v. Garza*, 216 Ariz. 56, 67-68, ¶ 52 (2007). "Substantial evidence is more than a mere scintilla and is such proof that 'reasonable persons could accept as adequate and sufficient to support [the jury's] conclusion.'" *State v. Mathers*, 165 Ariz. 64, 67 (1990) (quoting *State v. Jones*, 125 Ariz. 417, 419 (1980)).

¶9        Because substantial evidence supports the enhancement, we find no error. A rational juror could find the enhancement based on the January 2018 booking photo, release order and indictment. *See Mathers*, 165 Ariz. at 66 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) ("[T]he relevant question is whether . . . *any* rational trier of fact could have found [the aggravator] beyond a reasonable doubt."). We will not reweigh the evidence on appeal, *State v. Montes Flores*, 245 Ariz. 303, 308, ¶ 23 (App. 2018), which can include circumstantial evidence, *State v. Landrigan*, 176 Ariz. 1, 4 (1993).

## CONCLUSION

¶10  We affirm Bradley's sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA