587 P.2d 1190

**The STATE of Arizona, Appellee,**

v.

**Archie Lee DOUGLAS, Carol Ann Hutton, Appellants.**

**Nos. 2 CA–CR 1369, 2 CA–CR 1414.**

Court of Appeals of Arizona, Division 2.

Oct. 12, 1978.

Rehearing Denied Nov. 8, 1978.

Review Denied Nov. 28, 1978.

John A. LaSota, Jr., Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis and Allen G. Minker, Asst. Public Defenders, Tucson, for appellant Douglas.

Donn S. Alpert, Tucson, for appellant Hutton.

## OPINION

HOWARD, Judge.

A two-count indictment was returned against appellants, accusing them in Count One of an unlawful offer to sell heroin or in Count Two of obtaining money by false pretenses pursuant to a fraudulent scheme or artifice. Appellants' motions to require the state to elect between the two alternative offenses charged were denied. Also denied was a motion to dismiss Count One on the grounds that the substance offered for sale was not heroin as alleged in the indictment. The court, in submitting both counts to the jury, instructed them that there were two forms of verdict as to each defendant. The court instructed them separately as to each defendant, first as to Douglas and then as to Hutton. It instructed the jury, after discussing the Douglas verdict forms, that it could not find him guilty of both crimes and if it found him guilty of one, the other was not to be considered. However, if it found him not guilty of one, it could then consider the other. At the conclusion of the instructions, defense counsel responded in the negative to the court's question as to whether any instructions had been omitted. The jury found both defendants guilty of Count One and not guilty of Count Two.

Both appellants contend that the indictment charging alternative counts was invalid because (a) such procedure is not permitted under the Rules of Criminal Procedure and (b) their rights to due process were violated in that the indictment failed to give notice of the charges for which they were being tried.

Contrary to appellants' argument, the indictment satisfied the mandate of Rule 13.2, Arizona Rules of Criminal Proce-

dure.  Rule 13.3, Arizona Rules of Criminal Procedure, permits joinder of two or more offenses, provided each is stated in a separate count, if they are based on the same conduct.  In *Jerskey v. State,* 546 P.2d 173 (Wyo.1976), the court held that under the Wyoming counterpart of our Rule 13.3, when a defendant's conduct violates more than one criminal statute, the prosecutor is not required to elect and it is also proper to try both alleged violations in one proceeding as long as he is convicted of only one offense.

The evidence presented by the state was as follows.  Two undercover narcotics agents cruising in South Tucson were approached by appellant Douglas who asked them for a ride.  They agreed and during the course of the conversation informed Douglas that they wanted to purchase three papers of heroin.  Douglas said he could get them and told the agents to drop him at a specific street corner and to meet him there in 20 minutes.  When the officers returned, appellant Hutton was standing there with Douglas.  Douglas and Hutton got into the agents' car and Hutton who, seemed suspicious, demanded to see their "tracks".  The agents attempted to comply and apparently Hutton was satisfied.  She then directed the agents to another location and upon arriving there, asked them for $30 to purchase the heroin.  The agents, however, however, demanded to see the papers first.  Douglas remained in the vehicle while Hutton went into a building, returning approximately four minutes later.  After some negotiation, she placed three tinfoil packets on the ground and one of the agents did the same with his money.  The agents then identified themselves as police officers and attempted to place appellants under arrest.  Hutton quickly picked up the tinfoil packets, threw them across the agents' car and started to run.  One agent attempted to retrieve the packets and while doing so, noticed that Douglas had started to flee.  He chased him for about 100 yards and tackled him.  The three papers contained no narcotics or dangerous drugs.

From the foregoing, it can readily be seen that both charges were based on the same conduct.  In moving to dismiss Count One, appellants contended below that they could not be found guilty of an offer to sell heroin since the contents of the tinfoil packets were non-narcotic in nature.  However, the failure to make a delivery is not decisive of whether an offer was made.  *State v. McCullar,* 110 Ariz. 427, 520 P.2d 299 (1974).  The crucial question was whether appellants, at the time they made the offer to sell, intended to sell heroin to the narcotics agents.  If appellants knew their offer was false, the requisite intent to sell a narcotic drug would be lacking.  *State v. Enriquez,* 109 Ariz. 570, 514 P.2d 491 (1973).

The jury apparently concluded that appellants intended to sell heroin.  Appellant Hutton claims there was insufficient evidence to support her conviction and the court should have directed a verdict of acquittal on Count One.  We do not agree.  From her conduct throughout the transaction, the jury could logically infer that she thought the packets contained heroin.  She procured the papers very quickly at the address she had directed the officers to and she had appeared leery and tried to assure herself that the agents were narcotics users.  When an agent identified himself as a police officer and told her she was under arrest, she grabbed the three papers off the ground, threw them over the agents' car and fled.

Appellant Hutton's final contention is that the trial court improperly instructed the jury as to its consideration of the forms of verdict.  However, no objection was raised below and therefore appellate consideration is waived.  Rule 21.3(c), Arizona Rules of Criminal Procedure.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.