691 P.2d 710

**STATE of Arizona, Appellee,**

v.

**Edward Harold SCHAD, Jr., Appellant.**

**No. 4876–2–PC.**

Supreme Court of Arizona,
En Banc.

Nov. 29, 1984.

**620**

Robert K. Corbin, Atty. Gen. by William J. Schafer III, and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Charles Anthony Shaw, Prescott, for appellant.

HAYS, Justice.

Petitioner, Edward Schad, Jr., was tried and convicted of first-degree murder and sentenced to death. *State v. Schad, Jr.,* 129 Ariz. 557, 633 P.2d 366 (1981), *cert. denied,* 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 693 (1982). Later, he filed a petition with the trial court raising numerous issues. *See* 17 A.R.S. Rules of Criminal Procedure, rule 32. The trial court dismissed the petition. Schad petitioned this court for review, and we granted the petition for consideration of relief on four of the twenty-four issues he raised; relief as to the remaining issues was denied. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and 17 A.R.S. Rules of Criminal Procedure, rule 32.

We address only one issue because it requires reversal of Schad's conviction. Schad contends that the trial court improperly instructed the jury on the crime of felony murder. The court's instruction to the jury reads as follows:

> Murder is the unlawful killing of a human being with malice.

> The thing that distinguishes murder from all other killings is malice. There are two kinds of malice. A person has one kind of malice when he deliberately intends to kill. If you determine that the defendant used a deadly weapon in the killing, you may find malice. If you determine that the defendant had no considerable provocation for the killing, you may find malice.

> There is also a second kind of malice. A person has this kind of malice if he shows a reckless disregard for human life.

> Once you have determined that there is malice, you must determine whether the murder was in the first or the second degree. First-degree murder is murder which is the result of premeditation. "Premeditation" means "deciding in the mind beforehand." It does not matter how quickly or slowly the decision to kill is followed by the act of killing.

> Murder by means of poison, lying in wait, or torture, or which is committed in the attempt to commit arson, rape, robbery, burglary, mayhem, kidnapping, or molestation of a child under the age of 14, is also first-degree murder.

> All other kinds of murder are second-degree murder.

> If you have a reasonable doubt about which of the two degrees of murder was committed, you must decide it was second-degree murder.

There were two underlying felonies in this case: robbery and kidnapping. For the facts of the case, *see Schad, supra.* The court did not define either felony in its instructions to the jury. While the prosecutor, in arguing felony murder to the jury, indicated what robbery is, this was not sufficient to take the place of the instruction that should have been given by the trial judge. Thus, the jury was informed that it could convict Schad of the first-degree murder if it found the murder was committed during a felony, yet inexplicably, no underlying felony was defined. Fundamental error is present when a trial judge fails to instruct on matters vital to a proper consideration of the evidence. *State v. Laughter,* 128 Ariz. 264, 267, 625 P.2d 327, 330 (App.1980). Knowledge of

the elements of the underlying felonies was vital for the jurors to properly consider a felony murder theory. This was absent.

Since the jurors were given only one form of verdict for first degree murder, we cannot now determine whether they voted for first degree murder based on premeditation or on felony murder. The possibility that they convicted Schad of first degree murder based on the deficient instruction constitutes fundamental error. *Cf. State v. Vickers*, 138 Ariz. 450, 451, 675 P.2d 710, 711 (1983); *State v. Arnett*, 119 Ariz. 38, 48–49, 579 P.2d 542, 552–53 (1978).

Reversed and remanded for new trial.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.