701 P.2d 6

**STATE of Arizona, Appellee,**

**v.**

**Mark Anthony REA, Appellant.**

**No. 2 CA–CR 2921.**

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 22, 1985.

Review Denied June 4, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Linda A. Akers, Phoenix, for appellee.

Alan R. Solot, Tucson, for appellant.

## OPINION

LIVERMORE, Judge.

Defendant, convicted of one count of forgery under A.R.S. § 13–2002(A)(1), appeals on the grounds that the evidence is insufficient and that an instruction on criminal simulation as a lesser-included offense should have been given.

The evidence established that blank checks were taken from Magellan Associates. One of these, made payable to defendant and signed by a fictitious person, was presented and endorsed by defendant, using his driver's license as identification, and cashed by a bar in Tucson. There was no direct evidence that defendant filled in any portion of the face of the check. A Magellan partner testified that no one had authority to take or sign the check. When questioned by police concerning the check, defendant gave several conflicting stories. First, he said that he knew nothing about the check and claimed that his driver's license had been stolen. Second, he admitted passing the check but said that the state could not show criminal intent. He then said the check was payment for work as a plasterer on a job obtained through the Department of Economic Security (DES). A DES employee testified that DES records reflected no such transaction.

The parties are agreed that the check was falsely made and that the check was uttered with intent to defraud. They differ over whether the evidence is sufficient to show that defendant falsely made, completed, or altered the check. Under A.R.S. § 13–303, it is sufficient that the defendant caused the result to occur. The question thus becomes whether the jury could find beyond a reasonable doubt that the defendant either falsified or aided another to falsify the check. We believe that it could. First, of course, the natural inference is that the beneficiary of the falsification caused it to be done. It is improbable that one would unbidden criminally benefit another. *Territory v. Barth*, 2 Ariz. 319, 15 Pac. 673 (1887); *State v. Gomez*, 27 Ariz.App. 248, 553 P.2d 1233 (1976). Beyond this, the jury could reasonably conclude that the defendant's initial denial of passing the check, followed by a retraction coupled with the smug assumption that guilt could not be proved and a demonstrably false story of how the check came to be written, showed beyond reasonable doubt his involvement in the check's falsification. See McCormick, Evidence § 273 (3d ed. 1984).[1]

The problem with the foregoing analysis is that it was not the basis on which the case was presented to the jury. No instruction on accessorial responsibility was given. While at one point in final argument the prosecutor suggested this theory, the real thrust of his final argument was that defendant violated the statute by endorsing the check. We hold that signing one's own name as an endorser is not a *false* completion of a written instrument. See *State v. McGann*, 132 Ariz. 296, 645 P.2d 811 (1982). As a result, we hold that fundamental error occurred. First, the jury was invited to decide the case on an impermissible theory of guilt without corrective action by the court. Second, instructions were not given on the theory under which guilt might be found. As

---

1. The evidence would also establish knowing possession of a forged instrument under § 13–2002(A)(2) and presenting a forged instrument under § 13–2002(A)(3). These offenses were not charged and were not, therefore, the subject of instructions to the jury.

stated in *State v. Schad*, 142 Ariz. 619, 691 P.2d 710, 711 (1984): "Fundamental error is present when a trial judge fails to instruct on matters vital to a proper consideration of the evidence."

■ With respect to whether criminal simulation can be a lesser-included offense of forgery, the statutory formulations must be compared. Forgery, under A.R.S. § 13–2002, requires a person with intent to defraud to falsely make, complete or alter a written instrument. Under A.R.S. § 13–2004, "A person commits criminal simulation if, with intent to defraud, such person makes, alters, or presents or offers, whether accepted or not, any object so that it appears to have an antiquity, rarity, source, authorship or value that it does not in fact possess." According to the Report of the Arizona Criminal Code Commission 196 (1975), the criminal simulation statute was designed to address "the problems of forged art treasures or the sale of faked antiques or rare natural objects." Given that history, we hold that "object" in A.R.S. § 13–2004 does not include "written instrument" as defined in A.R.S. § 13–2001 and as used in A.R.S. § 13–2002. Section 13–2004 thus defines an offense different from forgery and cannot be a lesser-included offense within it.

■ Even were we to hold otherwise, simulation would not be a lesser-included offense of forgery. Each section, to the extent that they are congruent, requires a falsification by making or altering with intent to defraud. When sections identically define the same crime, one is not "lesser" simply because it imposes a lesser penalty. An offense is lesser only if the greater offense contains an element not contained in the lesser about which there is disputed evidence. *State v. Patton*, 136 Ariz. 243, 665 P.2d 587 (App.1983).

The conviction and sentence are reversed, and the matter is remanded for a new trial.

HATHAWAY, P.J., and LACAGNINA, J., concur.