762 P.2d 1361

**STATE of Arizona, Appellee,**

v.

**Unita Ann WEAVER, Appellant.**

**No. 1 CA–CR 11814.**

Court of Appeals of Arizona,
Division 1, Department D.

Sept. 27, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and Vicki Gotkin Adler, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

E.G. NOYES, Jr., Judge Pro Tem.

Two issues are presented on appeal:

(1) Whether reversible error occurred when the jury was improperly informed of evidence implying that appellant had committed prior bad acts;

(2) whether A.R.S. § 13–2503 requires that the sentence for escape run consecutive to the other sentences.

## FACTS

On November 26, 1986, appellant was being surveilled from an airplane by members of the Phoenix Police Department as she and two male companions drove in a pickup truck to a gas station. A spotter in the airplane saw a female get out of the truck and open the door of a van that was parked at a gas pump. The spotter saw this individual take a light colored object out of the van and get back into the truck, which then drove away. Shortly thereafter, Joanne Grice, the owner of the van, noticed that her purse was missing and reported it stolen.

After the pickup had been driven some distance from the gas station, the airplane spotter saw the truck stop at a dumpster. Somebody in the truck threw a white object into the dumpster. The airplane spotter radioed this observation to an officer in a ground unit, who went to the dumpster and found the victim's purse.

The pickup was subsequently followed to a supermarket. Appellant entered the market and purchased items totalling $14.87 with an $85.00 check that she wrote on Grice's bank account. Appellant guaranteed the check by showing the clerk one of Grice's credit cards. Appellant signed the check with Grice's name. Throughout this transaction, one of the ground surveillance officers was inside the store, watching appellant from a distance of about eight feet. After appellant left the store, the officer interviewed the clerk and took custody of the forged check.

Appellant and her companions drove from the store to a bar, where they were arrested. When taken into custody, appellant had in her possession Joanne Grice's driver's license, credit cards and checkbook.

Appellant was transported to Scottsdale Justice Court for her initial appearance. She was left in a parked police car while one of the officers did some paperwork in court. The officer watching appellant saw her slip one hand out of her handcuffs and open the car door on the side away from where he was standing. Appellant then

ran from the car. The officer ran after her and caught her.

Appellant was indicted on December 4, 1986, on charges of third degree burglary, credit card theft, conspiracy to commit forgery, forgery, and second degree escape. Allegations of three of her prior felony convictions were timely filed. Trial began on May 27, 1987, and concluded with jury verdicts on June 1, 1987. Appellant did not testify or call any witnesses. She was found guilty of forgery, credit card theft, and second degree escape. She was found not guilty of third degree burglary. (The conspiracy charge had been dismissed on motion of the state prior to trial.) The jury then, in a bifurcated hearing, found that appellant had previously been convicted of three felonies.

Appellant was sentenced on July 1, 1987, to presumptive terms of ten years on the forgery count, five years on the theft count, and five years on the escape count. The court ordered the forgery and theft sentences to run concurrently. The escape sentence was ordered to run consecutive to the forgery and theft sentences. Appellant was given presentence incarceration credits of 217 days on all three sentences. A timely notice of appeal was filed.

## PRIOR BAD ACTS

During the course of the trial the jury heard the following testimony in addition to the testimony supporting the Facts portion of this opinion:

1. The surveillance of appellant was initiated by the Scottsdale Police Department, which requested assistance from the Phoenix Police Department.

2. The police had been surveilling appellant for seven days prior to the day of arrest.

3. The police used a six-man surveillance team, several unmarked cars, and a fixed-wing aircraft to surveil appellant.

4. The surveillance officers were from the Special Assignment Unit of the Tactical Operations Unit of the Phoenix Police Department; the primary job of this unit is the handling of hostage, barricade, and other high risk situations.

5. The officer who watched appellant forge the check knew her name because: "I knew who I was dealing with...."

6. Another surveillance officer knew who was in the pickup truck because: "I identified two of the occupants who I recognized from prior incidents. One of them was the defendant—excuse me—."

Appellant's trial counsel made timely objection to this, and other, surveillance testimony, arguing that it should all be excluded pursuant to rule 403, Arizona Rules of Evidence.[1] The testimony regarding the recognition of appellant from "prior incidents" (items 5 and 6) was also the subject of a motion for mistrial on the ground that the testimony implied that appellant was a known criminal. The court found the "prior incidents" testimony to be prejudicial, but concluded that a mistrial was not mandated. The motion for mistrial was denied, and the court, *sua sponte*, instructed the jury to disregard the testimony and not allow it to affect deliberations.

Of all the examples of testimony cited above, the only one with arguable relevance to this case is item 3; the rest are irrelevant, unfairly prejudicial, and were erroneously admitted in the context of this case. The question now becomes whether the errors call for reversal. We find that they do not. The properly admitted evidence of guilt was overwhelming. We conclude that any error was harmless beyond a reasonable doubt. *State v. Burton*, 144 Ariz. 248, 251; 697 P.2d 331, 334 (1985). There is no reasonable probability that the verdict on the counts on which appellant was convicted would have been any different if the erroneous testimony had not been admitted.

But we reiterate the warning issued by our supreme court in *State v. Gamez*, 144

---

1. Rule 403, Arizona Rules of Evidence, provides:
   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

**410**

Ariz. 178, 180, 696 P.2d 1327, 1329 (1985). *Gamez* also involved police surveillance of a targeted defendant. In that trial, the surveillance officers testified that they were members of a "major offenders unit." The supreme court concluded that it was error to use the name "major offenders unit" during the trial of the case. Although affirming the appellant's conviction, the court stated: "We would like to make it clear, however, that we disapprove of the use of such terms [as 'major offenders unit'] and warn counsel that in cases with less than overwhelming evidence, use of such statements could constitute reversible error." *Gamez,* 144 Ariz. at 180, 696 P.2d at 1329.

■ We recognize that where a particular individual has been targeted by police for surveillance, that individual usually does indeed have a prior criminal history. We also recognize that, with contemporaneous investigation and several police officer eyewitnesses, the evidence in targeted defendant cases is usually overwhelming. Does this mean that prosecutors can with impunity suggest to the jury in such cases that the defendant has a prior criminal history? Of course not. The targeted defendant, like any other, should have a trial that is free from improper suggestion of his or her prior criminal history. Care must be taken to put before the jury only relevant and necessary surveillance evidence. Evidence that tends only to suggest that defendant has a prior criminal history must be excluded.

The state claims that *all* the surveillance evidence was necessary to "complete the story of the crime." As noted in *State v. Ramirez,* 153 Ariz. 431, 432, 737 P.2d 407, 408 (App.1987), "[this] phrase does not mean that the prosecution is entitled to complete the defendant's criminal history." Nor should a defendant's criminal history be suggested by evidence that has either no probative value, or has probative value

that is substantially outweighed by the danger of unfair prejudice. The former is plainly precluded by rule 404(b),[2] and the latter may be precluded by rule 403, Arizona Rules of Evidence.

## CONSECUTIVE SENTENCES

The trial court was advised by both counsel that a consecutive sentence was mandated on Count IV, the escape charge. A.R.S. § 13–2503(B) provides in pertinent part that "the sentence imposed for a violation of this section shall run consecutively to any sentence of imprisonment for which the defendant was confined. . . ." In sentencing appellant on the escape charge, the court stated: "That five-year term shall be served as required by A.R.S. § 13–2503, consecutive to the sentence just imposed for the forgery and theft offenses."

■ The escape in this case was from presentence custody. A.R.S. § 13–2503 does not require consecutive sentencing on escape from presentence custody; it requires consecutive sentences only when the defendant escapes *after* having received a sentence of imprisonment. *State v. Pena,* 140 Ariz. 545, 683 P.2d 744, *approved,* 140 Ariz. 544, 683 P.2d 743 (App.1983); *overruling State v. Henderson,* 133 Ariz. 259, 650 P.2d 1241 (App.1982). Since the trial court erroneously believed that a consecutive sentence was mandatory and not discretionary here, the case must be remanded for resentencing on the escape charge. The trial court can decide, within its informed discretion, whether to impose consecutive or concurrent sentences.

■ As a final matter, the state argues in its answering brief that appellant was improperly credited on all counts with 217 days of presentence incarceration. Crediting both the underlying and the consecutive sentence with the same presentence incarceration gives appellant double credit

---

**2.** Rule 404(b), Arizona Rules of Evidence, provides:

Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity there-

with. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

and is improper. A.R.S. § 13–709(B). *See State v. Sodders*, 130 Ariz. 23, 30, 633 P.2d 432, 439 (App.1981), and *State v. Cruz–Mata*, 138 Ariz. 370, 376, 674 P.2d 1368, 1374 (1983). This error can be corrected at resentencing.

Judgments and convictions affirmed. Remanded for resentencing on Count IV.

FIDEL, P.J., and KLEINSCHMIDT, J., concur.

NOTE: The Honorable E.G. NOYES, Jr. of the Maricopa County Superior Court was authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. Art. VI, § 3.