NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE RENE SORIANO-TORRES, *Appellant.*

No. 1 CA-CR 13-0468

FILED 07-22-2014

———————————————

Appeal from the Superior Court in Maricopa County
No. CR2012-145854-001
The Honorable Karen L. O'Connor, Judge

**AFFIRMED AS MODIFIED**

———————————————

COUNSEL

Office of the Attorney General, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

The Hogle Firm, Mesa
By Dana R. Hogle
*Counsel for Appellant*

———————————————

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

**G E M M I L L:** Judge:

¶1         After a one-day bench trial, the superior court found Jose Rene Soriano-Torres ("Defendant") guilty of one count of aggravated taking the identity of another and two counts of forgery.  On appeal, Defendant challenges the sufficiency of evidence supporting his convictions.  Defendant also argues the trial proceeded in violation of his Sixth Amendment confrontation rights.  For the reasons that follow, we affirm Defendant's convictions and the imposition of probation but vacate that portion of the sentencing minute entry that requires Defendant to pay the cost of the testing of his DNA.

## BACKGROUND

¶2         On appeal we must view the evidence at trial in the light most favorable to sustaining the jury's verdicts.  *See State v. Nelson*, 214 Ariz. 196, ¶ 2, 150 P.3d 769 (App. 2007).   Rene A., a detective with the Yuma Police Department ("Victim"), received notice from the Internal Revenue Service ("IRS Letter") in August, 2012 informing him of unreported income in 2010 that he purportedly earned while employed by One80 Painting in Peoria.  Because Victim had never worked for One80, he feared someone was unlawfully using his social security number ("SSN"), and he reported the incident to his co-worker, Detective Huntley, who investigates financial crimes.

¶3         After reviewing the IRS Letter, Huntley telephoned One80 Painting and talked to CB, the company's office and accounting manager.  CB informed Huntley that a current One80 Painting employee was working at the company under Victim's SSN, and indeed, the employee was working that very day.  CB immediately transmitted to Huntley copies of three employment records One80 maintained in connection with the employee ("Employment Forms").  The Employment Forms included a signed and dated portion of the employee's employment application, a completed federal W-4 tax withholding form, and a completed state A-4 tax withholding form.  The Employment Forms are dated October 29, 2010, and they bear Victim's name or similar names.[1]  The federal tax form

---

[1]  The employment application forms used the name "Rene Alonso."  The W-4 form used the name Rene Alonso and Victim's social security

was completed using Victim's SSN, and both tax forms indicate the employee's home address in Phoenix, a city where Victim had never lived.

¶4          Upon receiving the Employment Forms, Huntley called the Phoenix Police Department, which dispatched Detective Kriplean to locate a painting crew foreman named Rene at an apartment complex. Kriplean proceeded to the job site and approached Defendant, the painting crew foreman, who provided Kriplean with a Mexican identification card bearing Defendant's name. Defendant informed Kriplean he was the only One80 painter named Rene on the crew, and Kriplean arrested Defendant. Victim did not recognize Defendant's name or otherwise know him.

¶5          The State charged Defendant with one count of aggravated taking the identity of another, a class 3 felony, and two counts of forgery, a class 4 felony, in violation of Arizona Revised Statutes ("A.R.S.") sections 13-2009 and -2002[2] respectively. Trial proceeded after Defendant waived his right to a jury, and the court found him guilty of the charged offenses. The court subsequently suspended imposition of sentence and placed Defendant on one year of unsupervised probation. Defendant appealed, and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1), 13–4031, and –4033(A)(1).

## ANALYSIS

¶6          Defendant first contends insufficient evidence supports his convictions. Specifically, Defendant argues the State failed to introduce evidence that he completed the Employment Forms or that they were otherwise "associated" with him.

¶7          Our review of the sufficiency of evidence is limited to whether substantial evidence exists to support the verdicts. *State v. Scott*, 177 Ariz. 131, 138, 865 P.2d 792, 799 (1993); *see also* Ariz. R. Crim. P. 20(a)

---

number. The A-4 form used the name "Rene Alonso _____," the latter name being Victim's last name.

[2] In the absence of material revisions after the relevant date, we generally cite a statute's current version. Although the legislature amended A.R.S. § 13-2009 in 2014, those revisions do not affect section (A)(3) of the statute, which is the applicable provision in this case. *See* 2014 Ariz. Sess. Laws, ch. 159, § 2 (2nd Reg. Sess.).

(directing courts to enter judgment of acquittal "if there is no substantial evidence to warrant a conviction."). Substantial evidence is "such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990) (quoting *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980)).

¶8 When addressing a sufficiency of evidence argument, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12, 967 P.2d 106, 111 (1998). Furthermore, in our review, we do not distinguish "between the probative value of direct and circumstantial evidence." *State v. Bible*, 175 Ariz. 549, 560 n.1, 858 P.2d 1152, 1163 n.1 (1993). The State does not have "to negate every conceivable hypothesis of innocence when guilt has been established by circumstantial evidence." *State v. Nash*, 143 Ariz. 392, 404, 694 P.2d 222, 234 (1985). And when determining one's intent, absent an admission, the court relies on inferences "from all relevant . . . circumstances." *In re William G.*, 192 Ariz. 208, 213, 963 P.2d 287, 292 (App. 1997).

¶9 As pertinent here, "[a] person commits aggravated taking the identity of another person . . . if the person knowingly . . . uses any personal identifying information of . . . [a]nother person . . . with the intent to obtain employment." A.R.S. § 13–2009 (A)(3). Regarding the crime of forgery, "[a] person commits forgery if, with intent to defraud, the person . . . [o]ffers or presents . . . a forged instrument or one that contains false information." A.R.S. § 13–2002(A)(3).

¶10 We reject Defendant's argument. Neither crime requires proof that Defendant personally completed the Employment Forms. Rather, considering the charged offenses together, the State was required to prove Defendant, with the intent to defraud, knowingly *used* the false information (particularly Victim's SSN) in the Employment Forms -- specifically the tax forms -- to gain employment with One80. Moreover, Defendant's benefit of employment with One80 that resulted from the false information in the tax forms supports the inference of his involvement in the falsification of those documents. *See State v. Rea*, 145 Ariz. 298, 299 n. 1, 701 P.2d 6, 7 n.1 (App. 1985).

¶11 Regarding the requisite *mens rea*, the record clearly establishes Defendant knowingly used Victim's SSN and name with the intent to gain employment with One80. Based on Defendant's Mexican citizenship, and absent any evidence he was otherwise authorized to work

in the United States, Defendant could not obtain employment with One80 without using another person's SSN.[3]  Further, regarding the forgery convictions, Defendant's intent to defraud can be inferred because he impaired the governmental function of collecting taxes.  *See State v. Thompson*, 194 Ariz. 295, 298, ¶¶ 15-16, 981 P.2d 595, 598 (App. 1999) (holding evidence that the defendant's forging of vehicle registrations showed intent to defraud because inaccurate records "impaired a government function").

**¶12**　　　　Thus, under these circumstances, a jury could reasonably conclude Defendant intended to defraud the federal government by knowingly using Victim's name and SSN to gain employment with One80. Accordingly, sufficient evidence supports Defendant's convictions.

**¶13**　　　　Next, Defendant asserts his right to confront witnesses as provided in the Sixth Amendment[4] was infringed because the person who was responsible for ensuring the Employment Forms were correctly completed did not testify because he had been in "a horrible accident" resulting in brain damage.  The employment forms for Defendant were completed in October 2010, and CB, who testified, did not become custodian of the employment records until August 2011.  As Defendant concedes, we are limited to reviewing this issue for fundamental error. *State v. Alvarez*, 213 Ariz. 467, 469, ¶ 7, 143 P.3d 668, 670 (App. 2006).  We conclude that no Confrontation Clause violation occurred and no error.

**¶14**　　　　Defendant's confrontation rights as enshrined in the Sixth Amendment were not implicated at trial because the court did not admit any statements made by the person who was involved in October 2010 with Defendant's employment application process at One80.  *See State v. King*, 213 Ariz. 632, 637, ¶ 17, 146 P.3d 1274, 1279 (App. 2006) ("In *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004), the Supreme Court held that the Confrontation Clause prohibits the *admission* of testimonial evidence from a declarant who does

---

[3]　CB testified that One80, in accordance with federal law, did not knowingly hire employees who were unauthorized to work in the United States.

[4]　The Confrontation Clause states, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI.

not appear at trial unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant.") (emphasis added). Because no out-of-court statement was admitted against Defendant, we reject Defendant's argument.[5]

¶15 Finally, we note an error in the sentencing minute entry order. Specifically, the trial court ordered Defendant to "submit to DNA testing for law enforcement identification purposes and pay the applicable fee for the cost of that testing in accordance with A.R.S. § 13–610." Section 13–610, however, does not authorize the trial court to order a convicted person to pay for the cost of that DNA testing. *State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013). We therefore modify the sentencing order by vacating that portion which imposed the obligation on Defendant to pay the cost of the DNA testing.

## CONCLUSION

¶16 Defendant's convictions and the imposition of probation are affirmed as modified.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

---

[5] To the extent Defendant is arguing that the Employment Forms are essentially testifying against him without any opportunity to cross-examine One80's custodian of the records at the time of their creation, we note that Defendant did not object to the admission into evidence of the Employment Forms.