950 P.2d 1163

**STATE of Arizona, Appellee,**

v.

**Jorge TISCARENO, Appellant.**

**No. 1 CA–CR 96–0038.**

Court of Appeals of Arizona, Division 1, Department A.

May 8, 1997.

As Amended May 12, 1997.

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, John Pressley Todd, Assistant Attorney General, Phoenix, for Appellee.

La Paz County Public Defender by Michael J. Burke, Parker, for Appellant.

## OPINION

NOYES, Presiding Judge.

Jorge Tiscareno ("Appellant") was convicted of aggravated assault for breaking his girlfriend's nose. He argues that a broken nose is not a "fracture of any body part" within the meaning of Arizona Revised Statutes Annotated ("A.R.S.") section 13–1204(A)(11) (Supp.1996). We hold that it is.

### I.

Appellant's girlfriend was visiting a home in Wenden, Arizona, when Appellant arrived and beat her up, then left. He was arrested later and charged with two lesser offenses (not here relevant) and with aggravated assault, a class four felony in violation of A.R.S. section 13–1204(A)(11). This statute provides that an assault is aggravated when committed "by any means of force which causes temporary but substantial disfigurement, temporary but substantial loss or impairment of any body organ or part, or a fracture of any body part." Only the last clause is relevant to this appeal.

The jury found Appellant guilty as charged. We have jurisdiction of the appeal pursuant to Arizona Constitution article 6, section 9, and A.R.S. sections 12–120.21 (1992), 13–4031 (1989) and 13–4033 (Supp. 1996).

### II.

Conceding that he assaulted the victim, Appellant argues that the assault was not "aggravated" within the meaning of A.R.S. section 13–1204(A)(11) because a broken nose is not a "fracture of any body part."

"Words and phrases in a statute are to be given their ordinary meaning unless it appears from the context of the statute ... that a different meaning is intended." *State v. Takacs,* 169 Ariz. 392, 397, 819 P.2d 978, 983 (App.1991) (citation omitted). The definition of "fracture" in a medical context is "the breaking of a bone or *cartilage* and the resulting condition." NEW WEBSTER'S DIC-

TIONARY OF THE ENGLISH LANGUAGE 387 (1981) (emphasis added). We find no reason to remove "cartilage" from the ordinary meaning of "fracture" and we hold that a broken nose is a "fracture of any body part" within the meaning of A.R.S. section 13–1204(A)(11).

■ Appellant also claims that the trial court erred in denying his motion for directed verdict. Rule 20 of the Arizona Rules of Criminal Procedure provides that a "court shall enter a judgment of acquittal … if there is no substantial evidence to warrant a conviction." Substantial evidence is proof "sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Jones,* 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980).

■ The jury heard evidence from which it could have found beyond a reasonable doubt that Appellant broke the victim's nose. The victim testified that Appellant gave her "a busted lip, several bruises on my face and a broken nose." A person does not have to be a medical expert to testify that her own nose has been broken. Witnesses may testify in the form of opinions or inferences so long as those opinions or inferences "are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Ariz. R. Evid. 701, 17A A.R.S. (Supp.1996).

The victim also said that her nose had been "flattened" in the assault. A medical technician testified that the victim's face was swollen and discolored, she was bleeding from a laceration on her head, and her nose was crooked and appeared to be broken. A deputy sheriff testified that the victim's nose was swollen and was "kind of flat and spread out." Appellant testified that "I got a broken nose out of it, too."

The conviction and sentence are affirmed.

FIDEL and RYAN, JJ., concur.