NOTICE:  NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRETT ERIC SALTUS, *Appellant.*

No. 1 CA-CR 15-0172
FILED 5-3-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-418527-001 SE
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Law Offices of Patricia A. Hubbard, P.L.C., Phoenix
By Patricia A. Hubbard
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**W I N T H R O P**, Judge:

**¶1**         Brett Eric Saltus appeals his convictions and sentences for one count of public sexual indecency (Count 2), one count of public sexual indecency to a minor (Count 3), and one count of resisting arrest (Count 7). For the reasons that follow, we affirm.

**ANALYSIS**

**¶2**         Saltus argues the trial court abused its discretion in denying him a mistrial after an eight-year-old witness ("A.V."), the alleged victim of public sexual indecency as charged in Count 1, testified about an uncharged act in violation of the court's pretrial order precluding other-act evidence. After *voir dire* of the witness outside the presence of the jury, the court found the witness had testified about an earlier, uncharged act. The court noted, however, that the victim's testimony related to only one of eight charged counts, and the victim had not identified Saltus as the person who had engaged in the other act. The court reasoned that, in the circumstances, it could take curative actions, including an instruction striking the victim's testimony, because "a mistrial is not necessary to ensure justice to the Defendant in this case." Immediately after the jury returned, the court instructed it as follows:

> As you know we ended yesterday with the direct examination of [A.V.]. Following that examination and the recess that we took the Court held a separate hearing where it was determined that the witness testified on direct examination about an event that was wholly unrelated to this case. As a result the [C]ourt is striking all of [A.V.]'s direct testimony provided yesterday here in Court and you are being instructed to disregard her testimony in it's [sic] entirety. You

2

shall not consider the testimony of [A.V.] provided on Tuesday, September 16, for any purpose.[1]

The court then allowed the prosecutor to recall the witness "to provide correct testimony as to the charged Count." On recall, the victim described the charged act using language nearly identical to that she had used describing the uncharged act.

¶3        A declaration of a mistrial is "the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *State v. Dann*, 205 Ariz. 557, 570, ¶ 43, 74 P.3d 231, 244 (citation omitted), *supplemented on other grounds by* 206 Ariz. 371, 79 P.3d 58 (2003). In determining whether to grant a mistrial, the trial court should consider (1) whether the testimony called the jurors' attention to matters they would not be justified in considering in reaching a verdict; and (2) the probability under the circumstances that the testimony influenced the jurors. *State v. Bailey*, 160 Ariz. 277, 279, 772 P.2d 1130, 1132 (1989). "When the witness unexpectedly volunteers information, the trial court must decide whether a remedy short of mistrial will cure the error." *State v. Jones*, 197 Ariz. 290, 304, ¶ 32, 4 P.3d 345, 359 (2000) (emphasis and citation omitted).

¶4        We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Id.* We will not reverse a conviction based on a trial court's denial of a motion for mistrial unless a reasonable probability exists that the verdict would have been different had the improper evidence not been admitted. *Dann*, 205 Ariz. at 570, ¶ 44, 74 P.3d at 244 (citations omitted).

¶5        The court acted well within its discretion in deciding a mistrial was not necessary to ensure a fair trial. The trial judge was in the best position to determine whether a step short of mistrial—the instruction striking the eight-year-old's testimony about the uncharged act—would cure the error, and we cannot say the judge abused her discretion in concluding it would. *See Jones*, 197 Ariz. at 304, ¶ 32, 4 P.3d at 359. Moreover, the jury was instructed to consider each charge separately, and it clearly followed that instruction. The jury acquitted Saltus of the offense against this eight-year-old (and of four more of the eight charged offenses). The jury convicted Saltus only of one charge of public sexual indecency

---

1        Also, as part of its final instructions to the jury, the court reiterated, "If testimony was ordered stricken from the record you must not consider that testimony for any purpose."

involving an adult victim, one charge of public sexual indecency involving a different minor victim, and one charge of resisting arrest. Under these circumstances, there was no reasonable probability the jury would have reached a different verdict had the eight-year-old not testified about the uncharged incident. We find no reversible error.

¶6        Saltus also argues that striking this eight-year-old witness's testimony and allowing the State to recall her and present correct testimony was an insufficient sanction for the prosecutor's misconduct in eliciting the improper testimony. "Prosecutorial misconduct 'is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial.'"  *State v. Aguilar*, 217 Ariz. 235, 238-39, ¶ 11, 172 P.3d 423, 426-27 (App. 2007) (citation omitted).  Saltus reasons that, although the trial court did not find the prosecutor's conduct was intentional, knowing, or reckless, "nothing in the record justifies an inference that the prosecutor had some proper purpose in mind when he elicited seriously improper testimony from [A.V.] in violation of a pretrial order."

¶7        We disagree. The court noted for the record that defense counsel's pretrial motion on other-act evidence did not address "this specific incident."  Moreover, our review of the record persuades us that, during the eight-year-old witness's initial testimony, the prosecutor attempted to elicit testimony only on the charged incident; he also avowed, during a sidebar to discuss defense counsel's concern the child was going to talk about the uncharged act, that he was "doing my best to focus the questions to the particular event that's charged."  On this record, we cannot say the prosecutor engaged in misconduct.

¶8        Saltus next argues the court abused its discretion when it overruled his objection to a police officer testifying he had fractured his finger in the course of the struggle to arrest Saltus. Saltus argues now, as he did at trial, that the officer was not qualified to offer expert testimony. The court overruled the objection, reasoning "the witness can testify as to his own understanding of his injuries and of what he believes happened to him." We review a court's rulings on admissibility of evidence for an abuse of discretion. *State v. Dann*, 220 Ariz. 351, 368, ¶ 89, 207 P.3d 604, 621 (2009). The court did not abuse its discretion. The officer testified he had broken the finger when he was young, and it felt the same this time. The officer's testimony was admissible as a lay opinion under Rule 701, Ariz. R. Evid. *See State v. Tiscareno*, 190 Ariz. 542, 544, 950 P.2d 1163, 1165 (App. 1997) ("A

person does not have to be a medical expert to testify that her own nose has been broken."). Moreover, any conceivable error was harmless, because the jury acquitted Saltus of Count 8, aggravated assault, which required proof of a fracture.

## CONCLUSION

¶9　　　For the foregoing reasons, we affirm Saltus's convictions and sentences.



**Ruth A. Willingham** · Clerk of the Court
FILED: ama